UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IDA BYRD-HILL,

        Plaintiff,                               Case No. 10-15046
                                                        Honorable John Corbett O'Meara

v.

CITY OF DETROIT,

        Defendant.

_____/

**OPINION AND ORDER GRANTING**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the court is Defendant's motion for summary judgment, filed January 16, 2012. Plaintiff filed a response March 2, 2012. For the reasons stated below, Defendant's motion for summary judgment is granted.

**BACKGROUND FACTS**

Plaintiff, a Michigan resident, alleges that Defendant City of Detroit violated her Fifth and Fourteenth Amendment rights to due process by suspending her driver's license, selling her car, and denying a hearing regarding her outstanding parking tickets. Plaintiff has a Michigan driver's license and is the registered owner of White Pontiac Grand AM with Michigan license plates. Plaintiff seeks monetary damages and a permanent injunction against Defendant from continuing the suspension of her license.

Plaintiff's driver's license was suspended in April 2008 because of six or more parking tickets. Between April 2008 and October 2008, Plaintiff received nine parking violation notices. In November 2008, a boot was placed on Plaintiff's car. In December 2008, Plaintiff requested a hearing regarding the parking violations with the Detroit Parking Violations Bureau which was

denied. That same month, the vehicle was sold at auction and generated $1250 to pay for some of the parking violations. Plaintiff alleges that there are numerous disparities regarding records of her violations and the true amount of money that she owes. As of February 6, 2011, Plaintiff had sixteen outstanding parking tickets that were in default status. The outstanding balance on the parking tickets is $1129.00.

## LAW AND ANALYSIS

### I.  Standard of Review

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When reviewing a motion for summary judgment, the facts and any reasonable inferences drawn from the facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

### II.  Statutory Authority

A local authority has the power to regulate the parking of vehicles and the "impoundment or immobilization of vehicles whose owner has failed to answer 6 or more parking violation notices or citations regarding illegal parking." MCLA § 257.606. Additionally, MCLA § 257.748 states:

> If the person to whom a citation is issued for a civil infraction fails to appear as directed by the citation or other notice, at a scheduled appearance under section 745(3)(b) or (4), at a scheduled informal hearing, or at a scheduled formal hearing, the court shall enter a default judgment against that person and the person's license shall be suspended pursuant to section 321a until that person appears in court and all matters pertaining to the violation are resolved or until the default judgment is set aside.

The Detroit City Code § 55-2-22 states that a parking violation is an allegation of a civil infraction. A citation must be conspicuously affixed to a vehicle and a citation shall indicate the

length of time for the registered owner to respond to the parking violations bureau or the court having jurisdiction before the addition of penalties. Id. A parking violation citation shall also indicate that other civil action is authorized by law if the registered owner of the vehicle fails to respond in time. Id.

### III. Municipal Liability

A person of any State under color of any statute or ordinance is liable for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C § 1983. A local government qualifies as a "person" and may be liable under § 1983 "when execution of a government's policy or custom whether made by its lawmakers or by those whose edicts may be said to fairly represent official policy, inflicts injury." Monell v. Dep't of Soc. Serv's of City of New York, 436 U.S. 658, 694 (1978). In order to be actionable, that policy or custom must show a "deliberate indifference" and must be the "moving force" behind a constitutional deprivation. City of Canton v. Harris, 489 U.S. 378, 389 (1989).

Here, the City of Detroit is the proper Defendant, but there is no evidence that its policy of enforcing Michigan statutory law is a "moving force" behind a constitutional deprivation. Id. Defendant issued parking citations as civil infractions and acted in accordance with Michigan statutory law because Plaintiff had more than six parking violations. Additionally, Plaintiff's license can be suspended because all matters pertaining to the violation are not resolved since there is an outstanding balance and the default judgment has not been set aside. MCLA § 257.748. Because Plaintiff cannot demonstrate that a city policy or custom caused her alleged Constitutional deprivation, dismissal of her complaint is appropriate.

### IV. Fifth Amendment

Plaintiff's Fifth Amendment due process claim is not cognizable against the City of

Detroit because such a claim requires federal action.  See Santibanes v. City of Tomball, Tex., 654 F. Supp. 2d 593, 608 (S.D. Tex. 2009).

## V.        Fourteenth Amendment

The procedures that accompany an interference with a property interest must be constitutionally sufficient and provide interested parties with an opportunity to present objections to a pending action.  Herrada v. City of Detroit, 275 F.3d 553, 556 (6th Cir. 2001).  Additionally, a driver's license is a property interest.  See Mackey v. Montrym, 443 U.S. 1, 11 (1979).

The Herrada court dealt with a procedural due process claim regarding parking violations in Detroit.  In Herrada, the court said that even though a parking citation may have contained false or misleading information with regards to the penalties for failing to respond to a parking violation, a Detroit parking citation still clearly stated that a hearing was available.  275 F.3d at 557.  The Herrada court also cited both MCL § 257.606 and MCL § 257.748, affirming the fact that Detroit has the authority to impose both the withholding of a driver's license and the booting of a vehicle as potential penalties for failing to respond to a parking citation in appropriate circumstances.  275 F.3d at 557.

Here, Plaintiff makes an accusation that Defendant City of Detroit is part of a larger scheme to defraud the public because of some inconsistencies in the outstanding balance that she owes.  However, Plaintiff has produced no evidence of such a scheme.  Indeed, Defendant contends that Plaintiff refused to participate in discovery or produce mandatory disclosures.  Plaintiff does not dispute this.  Plaintiff's failure to participate in discovery alone provides sufficient basis for the Court to dismiss this action.  The fact that Plaintiff was misled by the amount she owed does not contradict the fact that she had notice of her violations and the opportunity to be heard with every single ticket she received.

4

Plaintiff has a property interest in both her vehicle and driver's license. However, the Defendant's interference with those property interests is constitutionally sufficient. The fact that Plaintiff requested and was denied a hearing is irrelevant because she had the opportunity to request a hearing with each citation and only sought a hearing in December 2008, by which point she had more than six outstanding parking violations which were in default. Furthermore, an injunction against Defendant from continuing to suspend Plaintiff's driver's license is not appropriate because Plaintiff has not addressed any of the elements that courts consider in ruling on preliminary injunctions.

For these reasons, Plaintiff was not denied her procedural due process rights that are protected by the Fourteenth Amendment.

## **ORDER**

IT IS HEREBY ORDERED that the City of Detroit's motion for summary judgment is GRANTED and Plaintiff's complaint is DISMISSED.


Date: July 31, 2012                                         s/John Corbett O'Meara
                                                            United States District Judge


I hereby certify that on July 31, 2012 a copy of this opinion and order was served upon counsel of record using the ECF system, and upon Plaintiff using first-class U.S. mail.

                                                            s/William Barkholz
                                                            Case Manager

5